# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
10/01/2020
CT Log Number 538330181

**TO:** Timothy Horn
Whole Foods Market, Inc.
550 Bowie St
Austin, TX 78703-4644

**RE:** **Process Served in Massachusetts**

**FOR:** Whole Foods Market Group, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Valarie Richman, Pltf. vs. Whole Foods Market Group, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2081CV02194 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/01/2020 at 10:28 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/01/2020, Expected Purge Date: 10/06/2020<br><br>Image SOP<br><br>Email Notification, Timothy Horn timothy.Horn@wholefoods.com<br><br>Email Notification, Ashley Nugent ashley.nugent@wholefoods.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of 1 / AJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _____2081CV02194_____

Valaric Richman
_____, PLAINTIFF(S),

V.

Whole Foods Market Group, Inc.
_____, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Whole Foods Market Group, Inc. c/o CT Corporation_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original response** with the Clerk's Office for Civil Business, Middlesex Superior Court, _____ (address), by mail or in person, **AND** 200 Trade Center, Woburn, MA 01801

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: ~~Paul E. Mitchell, Esq., Mitchell & DeSimone, 101~~ Arch Street, Boston MA 02110

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

Joseph P Casey

A true copy Attest:
_____ Deputy Sheriff Suffolk County

10-1-20

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5.  **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20___.

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___        Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
┌─────────────────────────────────┐
│                                 │
│                         , 20___ │
└─────────────────────────────────┘
```

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                                    CIVIL ACTION NO.: 2081CV02194

VALARIE RICHMAN,
      Plaintiff

v.

WHOLE FOODS MARKET GROUP, INC.,
      Defendant

COPY

## PLANTIFF'S FIRST AMENDED COMPLAINT AND JURY CLAIM

### PARTIES

1. The plaintiff, Valarie Richman, is an adult individual with a place of residence at 4 Canal Park, Apt. 207, Cambridge, Middlesex County, Massachusetts.

2. The defendant, Whole Foods Market Group, Inc., is a for-profit foreign corporation with a place of business at 200 Alewife Brook Parkway, Cambridge, Middlesex County, Massachusetts.

### FACTS

3. At all relevant times, the defendant, Whole Foods Market Group, Inc., owned and/or controlled the premises located at 200 Alewife Brook Parkway, Cambridge, Middlesex County, Massachusetts (the premises).

4. At all relevant times, the defendant, Whole Foods Market Group, Inc., operated the premises as a supermarket open to the general public.

5. At all relevant times, the defendant, Whole Foods Market Group, Inc., owed a duty to its patrons, including the plaintiff, Valarie Richman, to maintain the premises in a reasonably safe condition.

6. At all relevant times, including June 1, 2019, on the premises, the defendant, Whole Foods Market Group, Inc., had a practice of stacking cases of merchandize, including bottled water, on the floor in the middle of an aisle where other merchandise was displayed on shelves for patrons to pick up.

7. On or about June 1, 2019, on the premises, the defendant, Whole Foods Market Group, Inc., had cases of bottled water stacked on the floor by a pole in the middle of a bottled water aisle where other merchandise was displayed on shelves for patrons to pick up and had a price tag for bottled water posted on the pole.

8. By stacking cases of bottled water by the pole bearing the price tag for bottled water, the defendant, Whole Foods Market Group, Inc., in effect invited patrons to remove cases of bottled water from the stack for purchasing, which could ultimately result in a single case of bottled water remaining on the floor in the middle of the aisle and being more difficult to notice than the stack.

9. On or about June 1, 2019, the plaintiff, Valarie Richman, was a patron shopping on the premises and was pushing her shopping cart in front of her while going down the bottled water aisle where the pole bearing the price tag for bottled water was located and a single case of bottled water remained on the floor by the pole in the middle of the aisle.

10. At all relevant times, Ms. Richman's view of the single case of bottled water remaining on the floor in the middle of the aisle was obstructed by her shopping cart and other patrons in the aisle.

11. Intending to pick up bottled coconut water displayed on a shelf to her right, Ms. Richman stepped to her right, tripped on the single case of bottled water remaining on the floor in the middle of the aisle, and sustained a severe twisting injury to her right ankle requiring surgery.

12. At all relevant times, it was reasonably foreseeable to the defendant, Whole Foods Market Group, Inc., that a patron walking down the aisle, as Ms. Richman did, would have her attention directed to merchandise displayed on its shelves and her view of a single case of bottled water remaining on the floor in the middle of the aisle would be obstructed by her shopping cart and other patrons.

13. At all relevant times, the pole and cases of bottled water stacked on the floor by the pole in the middle of the aisle constituted an unreasonably dangerous tripping hazard not readily noticeable by a patron, such as Ms. Richman, whose attention was foreseeably directed to the nearby merchandise displayed on the shelves and whose view of the cases of bottled water stacked on the floor in the middle of the aisle was foreseeably obstructed.

14. The risk of tripping posed to a patron, such as Ms. Richman, was further increased by the defendant, Whole Foods Market Group, Inc.'s practice and mode of operation of inviting patrons to remove cases of bottled water from the stack for purchasing, which could ultimately result in a single case of bottled water remaining on the floor in the middle of the aisle and being more difficult to notice than the stack.

15. At all relevant times, the defendant, Whole Foods Market Group, Inc., knew or should have known that the pole and cases of bottled water stacked on the floor by the pole in the middle of the aisle constituted an unreasonably dangerous tripping hazard substantially increasing the risk of serious injury to patrons, including Ms. Richman, and that the risk was further increased by the defendant's practice and mode of operation of inviting patrons to remove cases of bottled water from the stack for purchasing, which could ultimately result in a single case of bottled water remaining on the floor in the middle of the aisle and being more difficult to notice than the stack.

16. The defendant, Whole Foods Market Group, Inc., breached as follows the duty of reasonable care owed to Ms. Richman as its patron lawfully present on the premises owned and/or controlled by the defendant:

    a. by having the pole and cases of bottled water stacked on the floor by the pole in the middle of the aisle, thereby creating an unreasonably dangerous tripping hazard posing the risk of serious injury to patrons, including Ms. Richman;

    b. by further increasing the risk of tripping posed to patrons, including Ms. Richman, by inviting patrons to remove cases of bottled water from the stack for purchasing, which could ultimately result in a single case of bottled water remaining on the floor in the middle of the aisle and being more difficult to notice than the stack;

    c. by failing to warn patrons, including Ms. Richman, of the pole and cases of bottled water stacked on the floor by the pole in the middle of the aisle and of the possibility that a single case of bottled water could remain on the floor in the middle of the aisle;

    d. by failing to inspect the aisle for dangerous conditions; and

    e. by failing to timely remove the pole and cases of bottled water stacked on the floor by the pole from the middle of the aisle when the defendant knew or should have known that these substantially increased the risk of tripping to patrons, including Ms. Richman.

17. As a direct and proximate result of the defendant, Whole Foods Market Group, Inc.'s aforesaid negligence and mode of operation, Ms. Richman suffered serious and grievous injuries, including financial loss and harm.

## COUNT I - NEGLIGENCE
## (AGAINST WHOLE FOODS MARKET GROUP, INC.)

18. The plaintiff incorporates herein the preceding paragraphs of this Complaint as if fully set forth herein.

19. At all relevant times, the defendant, Whole Foods Market Group, Inc., was negligent and breached its duty of reasonable care owed to Ms. Richman as its patron lawfully present on the premises owned and/or controlled by the defendant.

20. As a direct and proximate result of the defendant, Whole Foods Market Group, Inc.'s aforesaid negligence, Ms. Richman suffered serious and grievous injuries, has incurred and will continue to incur medical expenses, has suffered and will continue to suffer pain of body and mind, has been unable to carry on her usual duties, and has been otherwise damaged.

WHEREFORE, the plaintiff, Valarie Richman, demands judgment against the defendant, Whole Foods Market Group, Inc., in an amount to be determined by this Court plus interest and costs.

## COUNT II – MODE-OF-OPERATION LIABILITY
## (AGAINST WHOLE FOODS MARKET GROUP, INC.)

21. The plaintiff incorporates herein the preceding paragraphs of this Complaint as if fully set forth herein.

22. At all relevant times, the defendant, Whole Foods Market Group, Inc.'s practice of stacking cases of bottled water on the floor by the pole bearing the price tag for bottled water in the middle of the aisle, which in effect invited patrons to remove cases of bottled water from the stack for purchasing, further increased the risk of tripping posed to patrons, such as Ms. Richman, by the pole and cases of bottled water stacked on the floor by the pole in the middle of the aisle.

23. This risk materialized when the defendant, Whole Foods Market Group, Inc.'s aforesaid mode of operation resulted in the single case of bottled water remaining on the floor in the middle of the aisle and Ms. Richman tripped on the case of bottled water which was not readily noticeable to her.

24. As a direct and proximate result of the defendant, Whole Foods Market Group, Inc.'s aforesaid mode of operation, Ms. Richman suffered serious and grievous injuries, has incurred and will continue to incur medical expenses, has suffered and will continue to suffer pain of body and mind, has been unable to carry on her usual duties, and has been otherwise damaged.

WHEREFORE, the plaintiff, Valarie Richman, demands judgment against the defendant, Whole Foods Market Group, Inc., in an amount to be determined by this Court plus interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully submitted,
Plaintiff, Valarie Richman,
By her Attorney,

_____
Paul E. Mitchell, BBO No. 550491
pmitchell@mitchelldesimone.com
Mitchell & DeSimone
101 Arch Street
Boston, Massachusetts 02110
(617) 737-8300

Dated: 9-16 2020